1  LEE A. DRIZIN, ESQ.
   Nevada Bar No. 4971
2  **LEE A. DRIZIN, CHTD.**
   2460 Professional Court, Ste. 110
3  Las Vegas, NV 89128
   (702) 798-4955   FAX (702) 798-5955
4  lee@leedrizin.com

5  [Proposed] Liaison Counsel

6

                    UNITED STATES DISTRICT COURT
7
                         DISTRICT OF NEVADA
8

| | |
|---|---|
| ROBERT LOWINGER, on Behalf of Himself and All Others Similarly Situated, | CASE NO. 2:09-cv-1558-RCJ-LRL |
| Plaintiff, | **CLASS ACTION** |
| vs. | |
| MGM MIRAGE, J. TERRENCE LANNI, JAMES J. MURREN, DANIEL J. D'ARRIGO, and ROBERT H. BALDWIN, | |
| Defendants. | |
| KHACHATUR HOVHANNISYAN, Individually and On Behalf of All Others Similarly Situated, | Case 2:09-cv-2011-LRH-RJJ |
| Plaintiff, | **CLASS ACTION** |
| vs. | |
| MGM MIRAGE, J. TERRENCE LANNI, JAMES J. MURREN, DANIEL J. D'ARRIGO, and ROBERT H. BALDWIN, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF JAMES VIDRINE'S MOTION FOR CONSOLIDATION AND FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVING HIS SELECTION OF PLAINTIFFS' CO-LEAD COUNSEL AND PLAINTIFFS' LIAISON COUNSEL**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.   The Related Actions Should be Consolidated Pursuant to Fed. R. Civ. P. 3

        1.   This Court Should Consolidate the Related Actions For Purposes of Efficiency . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        2.   This Court Should Resolve the Consolidation Issue Before Determining Pending Motions for Appointment of Lead Plaintiffs . . . . . . . . . . . 4

    B.   Movant Should be Appointed Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . 5

        1.   Movant Satisfies All Three Requirements of §21D(a)(3)(B) of the PSLRA and Should be Appointed as Lead Plaintiff . . . . . . . . . . . . . . . . . . 5

        2.   Movant Possesses the Largest Financial Interest in the Litigation and Should be Presumed Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . . 7

        3.   Movant Meets the Requirements of the Federal Rule of Civil Procedure 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        4.   Movant's Claims Are Typical of the Claims of the Class . . . . . . . 8

    C.   This Court Should Approve Movant's Choice of Plaintiffs' Co-Lead Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**Cases**

*Armour v. Network Associates, Inc.*,
171 F. Supp. 2d 1044 (N.D. Cal. 2001) .................................................. 9

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ..................................................... 6, 7, 10

*In re Equity Funding Corp. of America Sec. Litigation*,
416 F. Supp. 161 (C.D. Cal. 1976) ........................................................ 4

*Fields v. Wolfson*,
41 F.R.D. 329 (S.D.N.Y. 1967) ............................................................. 4

*Garber v. Randell*,
477 F.2d 711 (2d Cir. 1973) ................................................................. 4

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) .............................................................. 9

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ................................................................ 9

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990) .................... 3

*Local Joint Executive Board of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152 (9th Cir. 2001), *cert. denied*, 534 U.S. 973 (2001) .... 10

*Schriver v. Impac Mortgage Holdings, Inc.*, 2006 U.S. Dist. LEXIS 40607
(C.D. Cal. May 1, 2006) ............................................................... 3, 4, 7

*Schriver v. Impac Mortg. Holdings, Inc.*, No. 06-CV-31, 2006 U.S. Dist. LEXIS
40607 (C.D. Cal. May 2, 2006) ............................................................ 3

*Stocke v. Shuffle Master, Inc.*, 2007 U.S. Dist. LEXIS 91535 (D. Nev. Nov.
29, 2007) .............................................................................................. 9

**Statutes**

15 U.S.C. §78u-4(a)(3) ............................................................... *passim*

Fed. R. Civ. P. 23(a) ............................................................................. 8

Fed. R. Civ. P. 42 ...................................................................... *passim*

Class Member James Vidrine ("Movant") respectfully submits this memorandum of law in support of his motion for an Order: (i) consolidating the above-captioned actions pursuant to Fed. R. Civ. P. 42(a); (ii) appointing him as Lead Plaintiff in this action pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") and 15 U.S.C. §78u-4(a); (iii) approving his choice of The Brualdi Law Firm, P.C. ("The Brualdi Law Firm") and Weiss & Lurie as Plaintiffs' Co-Lead Counsel, and Lee Drizin as Plaintiffs' Liaison Counsel and (iv) granting such other and further relief as the Court may deem just and proper.

I. **INTRODUCTION**

Presently pending in this District are at least two class action lawsuits brought on behalf of purchasers of MGM Mirage ("MGM" or the "Company") common stock between August 2, 2007 and March 5, 2009, inclusive (the "Class Period"), against certain of the Company's officers and directors and asserting violations of the Exchange Act (the "Related Actions"):

| CASE NAME | CASE NO. | DATE FILED |
| --- | --- | --- |
| Lowinger v. MGM Mirage, et al. | 09-CV-1558-RCJ-LRL | Aug. 08, 2009 |
| Hovhannisyan v. MGM Mirage, et al. | 09-CV-2011-LRH-RJJ | Oct. 15, 2009 |

Each of the Related Actions is based on the same nucleus of operative facts and arises out of defendants' unlawful misrepresentations and omissions concerning the Company's financial performance and prospects during the Class Period in violation of the federal securities laws against the same or similar defendants. Therefore, the actions should be consolidated pursuant to Fed. R. Civ. P. 42(a).

Movant suffered losses of $39,300.00 in connection with his purchase of MGM common stock during the Class Period, and is well qualified to vigorously prosecute this action on behalf of his fellow class members. Movant also has selected The Brualdi Law Firm and Weiss & Lurie, experienced and capable law firms in securities class action litigation, to serve as Plaintiffs' Co-Lead Counsel, and Lee Drizin as Plaintiffs'

1

Liaison Counsel.

Accordingly, Movant should be appointed as Lead Plaintiff and his chosen counsel should be appointed as Plaintiffs' Lead Counsel and Liaison Counsel.

## II. FACTUAL BACKGROUND[1]

MGM owns and operates the following casino resorts in Las Vegas, Nevada: Bellagio, MGM Grand Las Vegas, Mandalay Bay, The Mirage, Luxor, New York-New York, Excalibur, Monte Carlo, Circus Circus Las Vegas and Slots-A-Fun. Operations at MGM Grand Las Vegas include management of The Signature at MGM Grand Las Vegas, a condominium-hotel consisting of over 1,500 units. Other Nevada operations include Circus Circus Reno, Gold Strike in Jean, and Railroad Pass in Henderson. The Company has a 50% investment in Silver Legacy in Reno, which is adjacent to Circus Circus Reno. The Company also owns Shadow Creek, an exclusive world-class golf course located approximately ten miles north of its Las Vegas Strip resorts, and Primm Valley Golf Club at the California/Nevada state line. The Company owns land for future development on the North Las Vegas Strip. In March 2009, the Company completed the sale of Treasure Island ("TI") to Ruffin Acquisition, LLC. The Company also owns 50% of City Center, a mixed-use development on the Las Vegas Strip, between Bellagio and Monte Carlo.

During the Class Period, Defendants issued materially false and misleading statements regarding the Company's business and financial results. Specifically, Defendants made materially false and misleading statements concerning MGM's financial strength, liquidity and the prospects for the development of MGM's CityCenter. This caused MGM's common stock price to be artificially inflated, allowing MGM insiders to sell close to $90 million worth of MGM stock at higher prices than they would otherwise have obtained. As the true facts regarding MGM's deteriorating financial condition and the Company's inability to fund the CityCenter project leaked into the market, the artificial inflation in the price of MGM stock was removed, causing plaintiffs

---

[1] All facts herein are drawn from the complaint filed in *Lowinger v. MGM Mirage, et. al.* 09-cv-1558-RCJ-LRL (the "*Lowinger* Action").

2

and class members damages.

## III. ARGUMENT

### A. The Related Actions Should be Consolidated Pursuant to Fed. R. Civ. P. 42(a)

#### 1. This Court Should Consolidate the Related Actions For Purposes of Efficiency

Rule 42(a) of the Federal Rules of Civil Procedure provides, in relevant part, that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Therefore, consolidation pursuant to Fed. R. Civ. P. is proper where, as here, actions involve common questions of law and fact and the court finds that consolidation would avoid unnecessary delay. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990); *Schriver v. Impac Mortg. Holdings, Inc.*, No. 06-CV-31, 2006 U.S. Dist. LEXIS 40607 at *4-*5 (C.D. Cal. May 2, 2006). While consolidation resides within this Court's discretion, consolidation here will not only conserve judicial resources, it will also benefit all parties in the various actions. Court have recognized that class action shareholder suits are particularly suited to consolidation pursuant to Fed. R. Civ. P. 42 because their consolidation expedites pretrial proceedings, reduces case duplication, avoids the harassment of parties and witnesses from inquiries in multiple proceedings and minimizes the expenditure of time and money by all persons concerned. *See Schriver*, 2006 U.S. Dist. LEXIS 40607 at *5-*6; *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976) (citing *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973). Consolidating shareholder class actions not only simplifies pretrial and discovery motions, class action issues and clerical and administrative duties, but also reduces the confusion that may result from prosecuting related class actions separately. *Id.*

Here, there is no doubt that common questions of fact and law exist between the

3

Related Actions. Each of the Related Actions is a shareholder class action alleging violations of the federal securities laws by the same defendants and is brought on behalf of a Class of shareholders who purchased MGM common stock during the Class Period. Even a cursory review of the complaints filed in the Related Actions reveals that common allegations relating to defendants' alleged misrepresentations and omissions, and the impact on the price of MGM common stock, predominate. Therefore, common issues of fact and law predominate and the requirements for consolidation pursuant to Fed. R. Civ. P. 42(a) are met here.

Moreover, consolidating the Related Actions also "would serve the purpose of avoiding needless duplication of time, effort and expense on the part of the parties and the court in the conduct of pretrial discovery proceedings and of the trial itself." *Fields v. Wolfson*, 41 F.R.D. 329, 330 (S.D.N.Y. 1967). "It would also enable the proceedings to be expedited and make for economy and convenience generally in the administration of the litigation. In fact serious prejudice could result to the parties from a failure to consolidate." *Id.*

### 2. This Court Should Resolve the Consolidation Issue Before Determining Pending Motions for Appointment of Lead Plaintiffs

The Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which provides for, among other things, consolidation of securities fraud class actions like the Related Actions, provides in relevant part:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered.

Exchange Act §21D(a)(3)(B)(ii), 15 U.S.C. §78u-4(a)(3(b)(ii).

The PSLRA thus provides a two-step process where more than one action on behalf of a class asserting common claims has been filed. That process requires the Court to first decide the consolidation issue and then, "[a]s soon as practicable" after the consolidation motion is determined, resolve the lead plaintiff issue. *Id.*

4

Consistent with that process, Movants respectfully request the Court decide the consolidation motion as soon as practicable. Such a determination is reasonable and warranted pursuant to Fed. R. Civ. P. 42(a), given the typicality of the claims and commonality of the questions presented in the several complaints now pending in this District. Pursuant to the PSLRA, that decision also is a prerequisite for the Court to address the pending motion for appointment of lead plaintiff.

Therefore, this Court should exercise its discretionary power and consolidate the Related Actions for all purposes pursuant to Fed. R. Civ. P. 42(a) as soon as practicable.

### B. Movant Should be Appointed Lead Plaintiff

#### 1. Movant Satisfies All Three Requirements of §21D(a)(3)(B) of the PSLRA and Should be Appointed as Lead Plaintiff

The PSLRA provides guidelines for appointment of a lead plaintiff or plaintiffs to oversee class actions brought under the federal securities laws. *In re Cavanaugh,* 306 F.3d 726, 729, (9th Cir. 2002).

First, within twenty (20) days of the time a class action is filed, a plaintiff must publish notice advising class members of the pendency of the action and of their right to move within sixty (60) days of the publication notice to be appointed Lead Plaintiff. Section 21D (a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA provides:

> The plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported class of the pendency of the action, the claims asserted therein and the purported class period; and that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(i).

Here, counsel in the *Lowinger* Action caused the required notice to be published on August 19, 2009 over Business Newswire, a national business-oriented newswire service. *See* Declaration of Lee Drizin in Support of James Vidrine's Motion For

5

Appointment of Lead Counsel, Plaintiffs' Co-Lead Counsel and Plaintiffs' Liaison Counsel ("Drizin Decl."), Exh. 1. This notice advised members of the pendency of the securities class action lawsuit against the Defendants, the claims asserted therein, the class period and their right to move for appointment as lead plaintiff within sixty (60) days from publication of the notice on August 19, 2009.

Second, within 60 days after the publication notice, any class member or members of the class may move the Court to serve as Lead Plaintiff whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B). This motion by Movant is timely filed within sixty (60) days from publication of the notice on August 19, 2009 and thus this statutory requirement of the PSLRA is satisfied. *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

Third, the PSLRA provides that within 90 days after the publication of the notice, the Court shall consider any motion made by a class member or group comprised of class members and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). Moreover, the court must "'give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements.'" *Schriver,* 2006 U.S. Dist. LEXIS 40607, at *9, quoting *Cavanaugh,* 306 F.3d at 730; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). As demonstrated below, Movant satisfies both the typicality and the adequacy requirements to be appointed Lead Plaintiff.

### 2. Movant Possesses the Largest Financial Interest in the Litigation and Should be Presumed Lead Plaintiff

The PSLRA further provides that the court:

> shall appoint as lead plaintiff the member or members of the purported class that the court determines to be most capable of adequately representing the interests of class members (hereinafter in this paragraph referred to as the "most adequate lead plaintiff") in accordance with this subparagraph.

15 U.S.C. §78u-4(a)(3)(B)(i).

Moreover, the PSLRA's "most adequate plaintiff" provision also requires this Court to adopt a rebuttable presumption that the movant with the largest financial interest is the "most adequate plaintiff," stating that:

> The most adequate plaintiff in any private action arising under this title is the person or group of person[s] that –
>
> > (aa)   has either filed the complaint or made a motion in response to a notice…;
> >
> > (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class;
> >
> > (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

During the Class Period, Movant purchased MGM common stock at inflated prices as a result of Defendants' materially false and misleading statements. Therefore, Movant possesses a significant financial interest in the outcome of this litigation. Specifically, Movant suffered a loss of $39,300 by virtue of his investment in MGM securities as a result of Defendants' materially false and misleading statements and omissions. Thus, in the absence of a greater loss, Movant is presumptively the "most adequate plaintiff" to serve as the representative of the Class herein. *See* Chart of Movant's Purchases and Losses, Drizin Decl. Exh. 2.

### 3.   Movant Meets the Requirements of the Federal Rule of Civil Procedure 23

As noted above, §21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that the lead plaintiff(s) must also "otherwise satisf[y]" the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(c).

With respect to the qualifications of the class representatives, Rule 23(a) requires generally that their claims be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed Lead Plaintiff.

7

### 4. Movant's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The threshold typicality and commonality requirements are not high. "To meet the typicality requirement, it is not requisite that the representative plaintiff's claims be identical with those of absent class members, but instead, the claims need only be 'reasonably co-extensive' with those of absent class members." *Stocke v. Shuffle Master, Inc.*, 2007 U.S. Dist. LEXIS 91535, at *7-*8 (D. Nev. Nov. 29, 2007), citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Here, Movant satisfies the typicality requirement because he (1) purchased MGM common stock during the Class Period; (2) purchased MGM common stock in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages thereby. Thus, Movant's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

### 5. Movant Will Fairly and Adequately Represent the Interests of the Class

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of Movant to represent the class to the existence of any conflicts between the interests of Movant and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of a potential conflict between the named plaintiff and the class members; and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Stocke,* 2007 U.S. Dist. LEXIS 91535, at *8-*9, citing *Armour v. Network Assocs., Inc.,* 171 F. Supp. 2d 1044, 1052 (N.D. Cal. 2001).

Movant's interests are clearly aligned with those of the other members of the class and there is no antagonism between their interests. Movant has amply demonstrated his adequacy as class representatives by signing a sworn certification

affirming his willingness to serve as, and assume the responsibilities of, a class representative. See Drizin Decl. Exh. 3.

In addition, Movant has selected counsel experienced in prosecuting securities class actions to represent him. See *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,* 244 F.3d 1152, 1162 (9th Cir. 2001) (holding that a determination of adequate representation depends on the qualifications of counsel), *cert. denied*, 534 U.S. 973 (2001). Accordingly, Movant, as well as his counsel, satisfy the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action, and, accordingly, should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### C. This Court Should Approve Movant's Choice of Plaintiffs' Co-Lead Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the class, subject to court approval. See 15 U.S.C. §78u-4(a)(3)(B)(v). The court should not disturb Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). See *Cavanaugh,* 306 F.3d at 732-33 n.11 ("the district court must approve the lead plaintiff's choice of counsel, but Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class").

Movant has selected The Brualdi Law Firm and Weiss & Lurie to serve as Co-Lead Counsel for the class and Lee Drizin to serve as liaison counsel for this class. Movant's chosen co-lead counsel and liaison counsel possess extensive experience in litigating securities class actions and have successfully prosecuted numerous securities class actions on behalf of injured investors. See Drizin Decl. Exhs. 4, 5 and 6. As a result, this Court may be assured that the members of the class will receive the highest caliber of legal representation available.

### IV. CONCLUSION

For all the foregoing reasons, Movant respectfully requests that this Court: (i) consolidate the above-captioned actions pursuant to Fed. R. Civ. P. 42(a); (ii) appoint Movant as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Exchange

Act; and (iii) approve Movant's selection of The Brualdi Law Firm and Weiss & Lurie and Lee Drizin to serve as co-lead counsel and liaison counsel, respectively, for the class; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated:  October 19, 2009                                    LEE A. DRIZIN, CHTD.

By /s/ Lee A. Drizin
Lee A. Drizin
Nevada Bar No. 4971
LEE A. DRIZIN, CHTD.
2460 Professional Court, Suite 110
Las Vegas, NV  89128
Telephone: (702) 798-4955
Facsimile: (702) 798-5955
lee@leedrizin.com

[Proposed] Liaison Counsel for Plaintiffs

**OF COUNSEL**

**THE BRUALDI LAW FIRM, P.C.**
Richard B. Brualdi
Sue Lee
29 Broadway, 24th Floor
New York, NY 10006
Tel:  (212) 952-0602
Fax:  (212) 952-0608
Attorneys for Class Member James Vidrine

**WEISS & LURIE**
Jordan L. Lurie
Leigh A. Parker
10940 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90024
Tel: (310) 208-2800
Fax: (310) 209-2348

[Proposed] Co-Lead Counsel for Plaintiffs