# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

In re MGM MIRAGE SECURITIES LITIGATION ) Case No.: 2:09-cv-1558-GMN-LRL

**ORDER**

## INTRODUCTION

Before the Court is Defendant MGM Resorts International's ("MGM") Motion to Dismiss (ECF No. 95). Also before the Court is Defendants J. Terrence Lanni, James J. Murren, Daniel J. D'Arrigo and Robert C. Baldwin's (the "Individual Defendants") Motion to Dismiss (ECF No. 98) and Joinder to MGM's Motion to Dismiss (ECF No. 106). Plaintiffs Arkansas Teacher Retirement System, Philadelphia Board of Pensions and Retirement, Luzerne County Retirement System and Stichting Pensioenfonds Metaal en Techniek filed a Response to both motions (ECF No. 123). The Individual Defendants and MGM each filed a Reply (ECF Nos. 133 & 134, respectively.)

## FACTS AND BACKGROUND

This class-action lawsuit was brought on behalf of all the entities and persons who purchased the securities of Defendant MGM Mirage between August 2, 2007 and March 5, 2009 (the "Class Period"). The action alleges violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995 ("PLSRA"). *See* 15 U.S.C. §§ 78a et seq.

Throughout the Class Period, some of the officers and directors of MGM, who are also listed as defendants in this matter, issued positive statements about MGM's revenues and liquidity and assured the public that MGM's CityCenter project was progressing smoothly. However, Plaintiffs allege that such statements were materially false and misleading, causing

them to unsuspectingly purchase the stock for artificially inflated prices while MGM insiders sold close to $90 million worth of their own personally held MGM stock.  When the truth about MGM's deteriorating financial situation became apparent, the stock price plummeted and caused large monetary losses to investors who had purchased the securities based on MGM's allegedly false representations.

Defendants file the instant motions to dismiss claiming the Complaint is deficient because it (1) fails to allege with particularity a false or misleading statement and fails to identify the facts which make the statement misleading; (2) fails to plead the required "strong inference" of scienter with particularity; and (3) does not adequately plead loss causation.[1]

## DISCUSSION

**A.    Legal Standard**

Rule 8(a) provides that any pleading "that states claim for relief", such as a complaint, "must contain", inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).  Each averment contained therein "must be simple, concise, and direct." Fed.R.Civ.P. 8(d).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007).

However, there is a heightened pleading standard for allegations of securities fraud under the Private Securities Litigation Reform Act (PSLRA). 15 U.S.C. §78u-4(b)(1).  Private securities fraud actions are based upon Section 10(b) of the Securities Exchange Act of 1934 (15

---

[1] Individual Defendants also claim that Plaintiffs' Section 20(a) "control" person claim must be dismissed because Plaintiffs' have failed to plead an underlying Section 10(b) claim.

U.S.C. §78j(b)) and Securities and Exchange Commission Rule 10b-5 (17 CFR §240.10b-5). Section 10(b) of the Securities Exchange Act of 1934 makes it unlawful for a person to employ "any manipulative or deceptive device" in contravention of the rules and regulations of the Securities and Exchange Commission ("SEC") "in connection with the purchase or sale of any security." 15 U.S.C. §78j(b).  Under Section10(b), a plaintiff must allege (i) a false statement or omission; (ii) of material fact; (iii) made with scienter; (iv) on which plaintiff justifiably relied; and (v) that proximately caused the alleged loss. *See Dura*, 544 U.S. at 341-42; *Binder v. Gillespie*, 184 F.3d 1059, 1063 (9th Cir. 1999).

The PSLRA imposes heightened pleading requirements for misrepresentations and scienter. *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 345–46, 125 S.Ct. 1627 (2005). Under the PSLRA, a complaint must specify each statement or omission alleged to have been misleading, state when and where the statement was made, identify the speaker and what the person obtained thereby; and explain the reason or reasons why the statement or omission was misleading. 15 U.S.C. §78u-4(b)(1).

**B.    Analysis**

    **1.    Puzzle-Style Pleading**

To satisfy the element of pleading a false or misleading statement, a securities fraud complaint must "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1).  MGM argues that Plaintiffs' 100-page, 247-paragraph Complaint is nothing more than a disfavored puzzle-style pleading that does not state why specific statements made by MGM officers are misleading and does not connect any reasons why the statements are misleading to any specific statements.  MGM argues that the complaint is very similar to the second amended complaint dismissed in *In re Splash Technology Holdings, Inc. Securities Litigation*, 160 F.Supp.2d 1059 (N.D.Cal., 2001).  The *Splash* court explained the second amended complaint's ("SAC") deficiencies as follows:

> Seventy-six [pages of the SAC] and 89 of the 184 paragraphs contained therein are devoted to a section entitled "False and Misleading Statements During the Class Period." In that section, plaintiffs separate the class period into six general time periods during which they claim defendants made material misrepresentations, and within each of those periods, describe various occasions on which they claim false statements were made, or refer to various documents which they contend contain false statements. Following each of the six groups of allegations of false statements, plaintiffs identify generally those types of statements, from the preceding recitation of specific alleged statements, which they contend were false and misleading (without identifying specific paragraph(s) which contain those statements) and, then, provide a list of between five and nineteen "reasons" that the statements were false at the time they were made (again, without identifying which alleged false statement(s) are belied by the facts stated in each "reason").
>
> . . .
>
> One of the statements set forth in paragraph 105 reads as follows: "The Company's growth strategy was unfolding as planned . . . ." In order to confirm whether part or all of this statement is alleged to be false (and if only part, which part), the reader must turn to paragraph 109 and wade through the catalogue of statements, or fragments of statements, lifted from the preceding four paragraphs (each of which spans an entire page). . . . To find out the basis for plaintiffs' belief that the statement was false and misleading when made, the reader then must sift through subsections (a) through (j) of paragraph 109 (which span two more pages). This task is made all the more difficult because none of the ten subsections in paragraph 109 specifically confirms that it is the basis for plaintiffs' claim that the alleged statement ("The Company's growth strategy was unfolding as planned") was false or misleading. Given this omission, it is not immediately clear which portion of paragraph 109 is intended to explain why the statement was false or misleading.
>
> [Plaintiffs' also] quote long passages from various documents and to highlight portions of the quoted passages . . . The fact that certain sections of the report have been highlighted is not a reliable guide to determining which statements are alleged to be false, as bolded statements sometimes do not turn out to be actionable, while non-bolded statements sometimes are actionable.

*Id.* at 1073–74 (internal citations omitted).

In this case, the Court does find that Plaintiffs' complaint is very similar to the "puzzle-styled" complaint tendered in *Splash*. Plaintiffs' own Response to the motion to dismiss confirms this. Plaintiffs explain that the complaint first lists the speaker and the date of the

statement and then presents the misrepresentation in bold and italicized text.  The complaint spans five time periods.  The first set of misstatements span ten paragraphs. (Amended Complaint ¶¶ 77–82, 84, 86–87, ECF No. 94.)  Then, paragraph 88 follows (spanning 4 pages) with seven subparagraphs that detail why those prior statements are misleading. (*Id.* at ¶88.)  However, when the complaint finally provides the reasons why the statements are allegedly misleading, Plaintiffs never indicate which paragraphs relate to which misstatements   The four time periods that follow are in the same format.  The Court and Defendants are forced to shift through the allegations to attempt to match up the reasons.

"In short, plaintiffs have left it up to defendants and the court to try to figure out exactly what the misleading statements are, and to match the statements up with the reasons they are false or misleading." *Id.* (quoting *In re Autodesk, Inc. Sec. Litig*., 132 F.Supp.2d 833, 841 (N.D.Cal.2000)).  It is Plaintiff's burden, not the Court's or the Defendants', to allege "that particular statements [are] false or misleading" and further to make "specific reference to specific facts as the basis for the falsity allegation." *Splash*, 106 F.Supp.2d at 1072 (internal quotation marks omitted).

Therefore, the Court finds that Plaintiffs have failed to set forth a "short and plain" statement of their claims in violation of Rule 8(a) and have failed to make each allegation "simple, concise and direct" in violation of Rule 8(d).  Furthermore, Plaintiffs have failed to draft a complaint in such a way that the reader can decipher, without much effort, which statements are alleged to be false or misleading, and the corresponding reason or reasons why each statement is false or misleading as required by PSLRA.  The Court therefore GRANTS MGM's Motion to Dismiss the complaint in its entirety.  Plaintiffs will however be GRANTED leave to amend.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant MGM Resorts International's ("MGM") Motion to Dismiss (ECF No. 95) is **GRANTED**.

Plaintiffs' Consolidated Complaint [ECF 94] is **DISMISSED without prejudice**. Plaintiffs shall have until **April 17, 2012** to file an Amended Complaint.

**IT IS FURTHER ORDERED** that Defendants J. Terrence Lanni, James J. Murren, Daniel J. D'Arrigo and Robert C. Baldwin's (the "Individual Defendants") Motion to Dismiss (ECF No. 98) is **DENIED as moot**.

DATED this 26th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge