## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re MGM MIRAGE SECURITIES LITIGATION. | Case No.: 2:09-cv-1558-GMN-RJJ<br><br>**ORDER** |

## **INTRODUCTION**

Before the Court is Lead Plaintiff Arkansas Teacher Retirement System's (hereinafter Lead Plaintiff) Motion to Strike Defendants' Notice of Death of a Party (ECF No. 141). Defendants James J. Murren, Daniel J. D'Arrigo and Robert C. Baldwin filed a Response (ECF No. 143) and Lead Plaintiff filed a Reply (ECF No. 150).

Also before the Court is Plaintiffs Arkansas Teacher Retirement System, Luzerne County Retirement System, Philadelphia Board of Pensions and Retirement, Stichting Pensioenfonds Metaal en Techniek's (collectively "Plaintiffs") Motion for Hearing (ECF No. 153).

## **FACTS AND BACKGROUND**

On July 20, 2011, Defendants James J. Murren, Daniel J. D'Arrigo and Robert C. Baldwin filed a Notice of Death stating that Defendant J. Terrance Lanni had died during the pendency of the action. (*See* Notice of Death, ECF No. 139.) Lead Plaintiff's counsel contacted Defendants' counsel, Irell & Manella LLP ("Irell") on October 13, 2011, to ask Irell for a stipulation to substitute an unnamed "appropriate party" for Lanni. (Noroozi Decl. ¶2, ECF No. 143–1.) Irell had represented Lanni in this case as reflected in the docket. However, Irell could not agree on a stipulation because it was not counsel for Lanni's estate and further claimed that it had no knowledge about the identity of the executor of Lanni's estate. (*Id.* at ¶¶ 3, 4.) On October 18, 2011, Lead Plaintiff filed the instant Motion to Strike the Notice of Death. (Mtn to

1  Strike, ECF No. 141.)

2        On April 17, 2012 Plaintiffs filed an Amended Complaint. Immediately following the
3  filing of the Amended Complaint, Plaintiffs filed a motion for hearing regarding the newly filed
4  complaint and the pending Notice of Death. (Mtn for Hearing, ECF No. 153).

5  **DISCUSSION**

6  **A.    Motion to Strike**

7      **1.    Legal Standard**

8        Federal Rule of Civil Procedure 25 governs a motion for substitution and a notice of
9  death. The Rule provides:

> (a)    Death
> (1) *Substitution if the Claim is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
> . . .
> (3) *Service*.  A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

18  Fed. R. Civ. P. 25(a).

19        The rule requires two affirmative steps in order to trigger the running of the 90-day
20  period. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). "First, a party must formally
21  suggest the death of the party upon the record." *Id.* (citing *Anderson v. Aurotek*, 774 F.2d 927,
22  931 (9th Cir. 1985); *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir. 1990)). "Second, the
23  suggesting party must serve other parties and nonparty successors or representatives of the
24  deceased with a suggestion of death in the same manner as required for service of the motion to
25  substitute." *Barlow*, 39 F.3d 233; Fed. R. Civ. P. 25(a).

**2.  Analysis**

Plaintiff argues that the notice failed to fulfill the two requirements and thus the 90-day time period to substitute a party was never triggered.  First, Lead Plaintiff argues notice of death must identify the successor or representative who may be substituted for the decedent.  *Dummar v. Lummis*, 2:07-cv-459-JCM-PAL, 2007 U.S. Dist. LEXIS 95288, at *7–*8 (D. Nev. Dec. 26, 2007).  The *Dummar* case relied on three cases from other jurisdictions that have held that the suggestion of death must identify the successor or representative who may be substituted for the decedent. *See Smith v. Planas*, 151 F.R.D. 547, 549 (S.D.N.Y. 1993); *Kessler v. Se. Permanente Med. Group of N.C., P.A.*, 165 F.R.D. 54, 56 (E.D.N.C. 1995); *Rende v. Kay*, 134 U.S. App. D.C. 403, 415 F.2d 983, 985 (D.C. Cir. 1969).  However, other cases in the Ninth Circuit do not require the suggestion of death to identify a person who may be substituted. *See Jackson v. Rowlett*, No. CIV S–04–0741 DFL DAD P, 2007 U.S. Dist. LEXIS 11300, at *2 (E.D. Cal. Jan 31, 2007) ("Rule 25's sole requirement concerning the content of a suggestion of death on the record is that it must contain 'a statement of the fact of the death.'").

Regardless of whether or not the suggestion of death is defective because it does not identify a person who may be substituted, the 90 days may not have been triggered by the suggestion of death if it was not properly served on the nonparty successor. *See Barlow*, 39 F.3d 233; Fed. R. Civ. P. 25(a)(1) & (3).  Defendants argue that they do not have to meet this requirement because the information is not "readily available to them." *See*, *e.g.*, *Barlow*, 39 F.3d at 234 (noting that the noticing party "clearly" knew the name and address of the nonparty who should have been served with the notice of death because the noticing party had been provided with a copy of the decedent's will, which identified the name and address of the executor); *Bertam Music Co. v. P & C Enters.*, Case No. 09–2253, 2011 U.S. Dist. LEXIS 74913, at *4 (C.D. Ill. May 25, 2011) (notice should list the name of an executor or administrator of the estate when "the information is ***readily available*** to the person filing the

statement") (emphasis added).  Defendants further argue that the Ninth Circuit has not imposed a requirement that the suggestion identify a nonparty that may be substituted when, as here, the notice of death was filed by the surviving defendants rather than by the decedent's representative or successor. *See Scott v. Vasquez*, Case No. CV 02–05296 GAF (AJW), 2009 U.S. Dist. LEXIS 116071, at *6–7 (C.D. Cal. Dec. 9, 2009); *see also In re Cardoza*, 111 B.R. 906, 909 (S.D. Cal. 1990) (notice of death must include the identity of the estate representative only when the notice is filed by the representative; that rule does not apply when another party to the action files and serves the notice).

There is clearly a split in this circuit regarding whether or not a district court will require a defendant who files a suggestion of death to either identify a successor or to serve the notice on the nonparty successor.  The court in *Scott* correctly recognized that the Ninth Circuit has not imposed the requirement of identifying a successor and the court in *Jackson* likewise recognized that Rule 25 does not specifically include this requirement.  However, the *Jackson* court also followed the guidance of *Barlow* which stated that the appropriate representative of the estate must be served with the suggestion of death.

In *Barlow,* the defendants who filed the suggestion of the plaintiff's death on the record knew the identity of the executor of the deceased plaintiff's estate.  Thus, *Barlow* does not address the situation where the suggestion of death must be served on a nonparty successor or the representative of the estate when the appropriate person cannot be ascertained at the time the suggestion is filed.  Several courts have required a defendant who has filed the suggestion of death to try to discover the identity of a successor or representative. *See Jackson*, 2007 U.S. Dist. LEXIS 11300, at *7–*8 (requiring defendant's counsel to make a reasonable investigation into the statutes of defendant's estate and file a declaration of his efforts if he in unable to obtain information about a successor or representative); *Bertam*, 2011 U.S. Dist. LEXIS 74913, at *3 (allowing a 56 day extension for plaintiffs to respond after defendants' counsel notifies the

proper party to substitute); *Gruenberg v. Maricopa County Sheriff's Office*, No. CV 06–0397–PHX–SMM (DKD), 2008 U.S. Dist. LEXIS 40342, at *2 (D.Ariz. May 6, 2008)(court ordered defense counsel to submit an affidavit describing her efforts to obtain information of plaintiff's successor or representative from the Arizona Department of Corrections for the purpose of effecting service under Rule 4).

Defendants claim that they have done a reasonable search to discover Lanni's successors or representative. Kayvan B. Noroozi, counsel for Defendants, filed a declaration explaining his efforts in trying to identify a successor or representative. He declares that his colleague, Glenn K. Vanzura, made an inquiry of MGM Resorts International to determine if it had any information concerning the identity of and contact information for the executor of Lanni's estate, but has not been able to obtain the information. (Noroozi Decl. at ¶ 5.) Nevertheless, the Court is not impressed with Mr. Noroozi's efforts. Likewise, the Court notes that it is also not impressed with Lead Plaintiff's counsel's eleventh-hour efforts to identify an appropriate party when there was a possibility that the 90 day time period to file a substitution was nearing an end. Accordingly, the Court will direct Defendants' counsel to investigate the status of Lanni's estate. If counsel is able to obtain information regarding the representative of the estate or an appropriate successor, counsel shall serve the notice of suggestion of death on the proper nonparty. If counsel is unable to obtain this information, then he may file a new declaration in which he describes the efforts made to comply with this order.

However, this does not relieve Plaintiff's duty to also make a reasonable inquiry regarding the representative of the estate or an appropriate successor. If Plaintiff discovers the name and address of a successor or representative of Lanni, Plaintiff shall file a motion for substitution without delay.

In the alternative, Lead Plaintiff asks the Court to grant its motion to substitute Lanni's estate as the proper defendant in this case. However, Lead Plaintiff's motion also fails to satisfy

the requirements of Rule 25. The motion to substitute must be served on nonparties as provided in Rule 4. There is no indication that Lead Plaintiff has done this and accordingly this request is **DENIED**.

**B.    Motion for Hearing**

Plaintiffs' motion for hearing requests a status conference to address: (i) the amended complaint; (ii) Plaintiffs' Motion to Strike Defendants' Notice of Death; and (iii) the most efficient manner in which to move forward with this litigation. As reflected herein, the Court has addressed Plaintiff's Motion to Strike. It is premature to have a status conference to address the amended complaint and the manner in which to move forward with this litigation when the time for filing an answer has yet to expire[1]. Furthermore, it is unclear what Plaintiffs hope to achieve with a status conference because following an answer to the complaint, the next step is to file a discovery plan. Any issues in that regard will be addressed by Magistrate Judge Johnston and, accordingly, that would be the proper time for the parties to address how to "move the case forward."

## CONCLUSION

**IT IS HEREBY ORDERED** that Lead Plaintiff Arkansas Teacher Retirement System's Motion to Strike Defendants' Notice of Death of a Party (ECF No. 141) is **GRANTED in part and DENIED in part**.

Defendants' counsel shall make a reasonable investigation into the status of defendant Lanni's estate and if a representative of the estate or successor is discovered shall serve the suggestion of death in accordance with Rules 4 and 25 on the representative or successor.

Defendant's counsel shall, within 30 days of the date of this order, file proof of service reflecting proper service of death on the representative or successor of Lanni or, if counsel is

---

[1] Defendants' Joint Motion to Dismiss is due May 30, 2012. (ECF No. 156)

unable to effect such service, Defendant's counsel shall file a declaration concerning his efforts to comply with this Order.

**IT IS FURTHER ORDERED** that Plaintiffs Arkansas Teacher Retirement System, Luzerne County Retirement System, Philadelphia Board of Pensions and Retirement, Stichting Pensioenfonds Metaal en Techniek's (collectively "Plaintiffs") Motion for Hearing (ECF No. 153) is **DENIED**.

**DATED** this 14th day of June, 2012.

_____
Gloria M. Navarro
United States District Judge