**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| In re MGM MIRAGE SECURITIES LITIGATION | 2:09–cv–1558–GMN–VCF<br><br>**ORDER** |

Before the court is the parties' joint stipulation regarding the proposed protective order governing confidentiality of documents and discovery (#247). The joint stipulation is approved as amended and set forth below.

**1.      PURPOSE AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the Parties hereby stipulate and agree to the following stipulated protective order ("Protective Order"), subject to Court approval.

**2.      DEFINITIONS**

2.1      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items as Protected Material under this Protective Order.

2.2      <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staffs).

1

2.3     Designating Party: a Party or Non-Party that designates Litigation Material as Protected Material under this Protective Order.

2.4     Litigation Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among others, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Litigation.

2.5     Expert: a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Litigation.

2.6     In-House Counsel: attorneys who are employees of a Party to this Litigation. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7     Litigation: the above-captioned action (Case No. 2:09–cv–01558–GMN–VCF) and any appeals thereof only.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Litigation.

2.9     Outside Counsel of Record: attorneys who have appeared in the Litigation on behalf of a Party (as well as their support staffs and other attorneys in their law firms), and who are not employees of a Party to this Litigation but are retained to represent or advise a Party to this Litigation.

2.10    Party: any party to this Litigation, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Litigation Material in this Litigation.

2.12   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, processing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   <u>Protected Material</u>: any Litigation Material that is designated as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" under this Protective Order.

2.14   <u>Receiving Party</u>: a Party that receives Litigation Material from a Producing Party.

**3.   SCOPE**

3.1   This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in the Litigation whether revealed in a hard copy document, computer or other electronic record, deposition or other testimony or hearing, discovery response or otherwise, by any Party in this Litigation. Non-Parties who so elect may, by written notice to the Parties in this Litigation, avail themselves of, and thereby agree to be bound by, the terms and conditions of this Protective Order. A third party who so elects shall be deemed a "Producing Party" with respect to Protected Material it produces or discloses, and a "Designating Party" with respect to designations it makes pursuant to this Protective Order.

3.2   The protections conferred by the Protective Order cover not only Protected Material, but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material. However, the protections conferred by this Protective Order do not cover: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public domain through trial or otherwise; and (2) any information known to the Receiving Party

prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3.3   Nothing in this Protective Order shall be construed to affect in any manner the admissibility at trial or any other court proceeding, of any document, testimony, or other evidence.

**4.   DURATION**

Even after final disposition of this Litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until all Parties agree otherwise in writing or a court order otherwise directs. Final disposition shall be deemed the later of: (1) dismissal of all claims and defenses in this Litigation, with prejudice, or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   Any Party and any Non-Party may designate as Protected Material and subject to this Protective Order any information, document, thing, or portion of any document or thing that the Party believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Such Protected Material may include, without limitation, the following: exhibits, any original written, recorded, graphic or electronic matter (and all identical and nonidentical copies thereof); any copies, notes, abstracts or summaries of such information and the information itself; and any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information. Documents and other materials described in the preceding sentence are examples of Litigation Material.

5.2   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to

limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. The Designating Party must exercise good faith in making designations so as to avoid making designations for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses or burdens on other parties). If it comes to a Designating Party's attention, and the Designating Party agrees, that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.3    <u>Manner and Timing of Designations</u>. Except as otherwise stipulated or ordered, Litigation Material shall be designated as provided in this section 5.3, or as provided in section 5.4, below, in order to qualify as Protected Material:

    (a)    <u>Information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings) may be identified as Protected Material by affixing the term "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" to each page that contains Protected Material.

    (b)    <u>Information produced in some form other than documentary and any other tangible items</u> may be identified as Protected Material by affixing in a prominent place on the exterior of the container or containers in which the information or items is stored the word "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER." If only a portion or portions of the information or item warrants protection, the Producing Party shall identify the protected portion(s).

    (c)    <u>Deposition or Hearing Information</u>. Any information disclosed at a deposition taken, or hearing conducted, in connection with this Litigation, may be identified as Protected Material by one of the following means: (i) a statement on the record that the deposition transcript (and videotape, if applicable) or hearing transcript, or some part of the deposition or hearing, constitutes Protected

Material; or (ii) designation of the deposition transcript (and videotape, as applicable), or some part of the deposition or deposition transcript (and videotape, as applicable), as Protected Material by means of notice in writing to opposing counsel within thirty (30) days of receipt of the final deposition transcript. In order to facilitate such designations, unless otherwise agreed in writing, all deposition transcripts (and videotapes, as applicable) shall be treated as Protected Material for thirty (30) days after receipt of the final deposition transcript of the deposition.

     5.4    <u>Changes in Designation</u>.

     (a)    Any Party that believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure with respect to any Litigation Material produced by: (i) any other Party in this Litigation, or (ii) any Non-Party, may at any time designate such Litigation Material as Protected Material by notifying counsel for each Party in writing.

     (b)    Subject to the above and the other provisions of this Protective Order, documents may be designated as Protected Material at any time, regardless of whether those documents were previously produced without being designated Protected Material. Without limiting the foregoing sentence in any way, if at any time prior to the trial in this Litigation, a Producing Party realizes that all or some portion(s) of certain Litigation Material that that Producing Party previously produced without limitation should be designated as Protected Material, that Producing Party may so designate by so apprising all Parties in writing, and such designated Litigation Material will thereafter be treated as Protected Material under the terms of this Protective Order. To the extent any such newly designated material has already been filed with the Court, the Designating Party bears the burden of seeking relief from the Court to establish and/or maintain any asserted protection. Any Producing Party may withdraw its designation of Protected Material from any Litigation Material that it had previously produced in this Litigation. Redesignations, or withdrawals of, Litigation Material as Protected Material pursuant to this

6

Paragraph 5.4(b) shall be accomplished by notifying counsel for each Party in writing. Nothing in the foregoing paragraph precludes a Party or Non-Party from challenging any such change of designation described above.

5.5     Adequate Forms of Designation. Any materials designated under any provision of Paragraphs 5.3 or 5.4 shall be fully protected as Protected Material under this Protective Order, and any Party or Non-Party that receives notice of such designations shall treat such materials in accordance herewith.

5.6     Inadvertent Failure to Designate. An inadvertent failure to designate qualified information or items as Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order. The Receiving Party reserves all rights to challenge any claims of inadvertent failure to designate.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Party may challenge a designation of confidentiality at any time, but no later than 30 days prior to the filing of the final pretrial order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of the designations it is challenging and providing a summary of the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

recite that the challenge to confidentiality is being made in accordance with this specific Paragraph 6.2 of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. The Court urges the Parties to resolve confidentiality disputes through the meet and confer process described in section 6.2, above, and direct to the Court's attention only those disputes regarding confidentiality that are serious and otherwise unresolvable. A Party that elects to press a challenge to a confidentiality designation, after considering the justification offered by the Designating Party, may, within a reasonable time after service of notice referenced in Paragraph 6.2, file and serve a motion that identifies the challenged material and sets forth the basis for the challenge. Each such motion must be accompanied by an express confirmation that affirms the movant has complied with the meet and confer requirements imposed in Paragraph 6.2 of this Protective Order. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties and Non-Parties shall continue to afford the material in question the level of protection asserted under the Producing Party's designation.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Litigation only for prosecuting, defending, or attempting to settle this Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Such Protected Material shall not be disclosed by a Receiving Party to anyone except as provided herein, and the contents thereof shall not be used by a Receiving Party for any regulatory, business, commercial or competitive purpose or in any manner in any other lawsuit, case or proceeding, whether or not factually related to this Litigation. When the Litigation has been terminated, a Receiving Party must comply with the provisions of section 13 ("FINAL DISPOSITION") below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the categories of persons authorized under this Protective Order. Each person who has access to the Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

7.2 <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

(a) the Receiving Party's Outside Counsel of Record in this Litigation;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation;

(c) Experts, consultants and investigators (including their professional staffs), whether formally retained or not, assisting counsel for Parties that have appeared in the Litigation to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel, including any appellate court having jurisdiction of any appeal of this Litigation;

(e) court reporters, videographers, and their staff, used in connection with the conduct of this Litigation;

(f) professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g) deponents or witnesses in the Litigation, and their counsel, to whom disclosure is reasonably necessary for this Litigation;

(h) any person indicated to be the author, addressee, or copy recipient of the Protected Material;

(i) mediators retained by the Parties to this Litigation or assigned by the Court and insurance carriers that may be liable to satisfy part or all of any judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

(j) any and all named Parties in this Litigation, and their employees, agents and representatives;

(k) Professional Vendors of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Litigation, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), provided that all Litigation Material designated as Protected Material is retrieved by the Party furnishing that Litigation Material upon completion of the services and in accordance with section 13 below; and

(l) such other persons as may be designated by prior agreement of Outside Counsel of Record on behalf of the Parties, or by order of the Court.

10

7.3 Prior to the disclosure of any Protected Material to any person identified above in Paragraphs 7.2(c), 7.2(f), 7.2(h) or 7.2(k), and if that person is not a named Party or a current employee of a named Party, such person shall sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that she or he has read this Protective Order and agreeing to abide by its terms. A file of all executed Certifications shall be maintained by Outside Counsel of Record for the Party obtaining them. Persons falling in categories 7.2(c), 7.2(f), or 7.2(k) who come into contact with Protected Material for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Certifications.

7.4 Court submissions containing Protected Material shall be governed as follows:

(a) If a Receiving Party intends to use Protected Material, including documents that contain, make reference to, reveal, disclose or summarize information contained in Litigation Material designated as Protected Material by another Party, then the Receiving Party shall submit such Protected Material with an application to file under seal in accordance with all applicable rules, including Local Civil Rule 10-5 and *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006), which application shall state that the Protected Material is being filed under seal pursuant to this Protective Order.

(b) Should Protected Material be included in papers filed with or otherwise disclosed to the Court, such papers shall:

(i) comply with *Kamakana*, 447 F.3d at 1178–81 and demonstrate "good cause" for sealing documents attached to non-dispositive motions or "compelling reasons" for sealing documents attached to dispositive motions;

(ii)   be labeled on the cover and on each page of Protected Material:

**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER;**

**FILED UNDER SEAL PURSUANT TO COURT ORDER DATED APRIL 15 2014**

and,

(iii) unless otherwise agreed by counsel or directed by the Court, be filed in a sealed envelope and kept under seal and not disclosed to any person unless ordered by the Court in the Action.

(c)   The Producing Party may submit papers in support of any application to file under seal within seven (7) days after such application to file under seal.

7.5   Within 60 days after the final disposition of this Litigation (as defined in Section 4, above), any Producing Party may obtain the return of the previously-sealed or previously restricted documents filed with the Clerk of Court by moving the Court for the return of such documents.

7.6   <u>Other Litigation or Legal Proceedings</u>. Protected Material shall not be shared with any individual, Party, expert witness, consultant or counsel in any other legal proceeding or action.

**8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Litigation as Protected Material, the Receiving Party must:

(a)   as soon as reasonably possible, provide written notification to the Designating Party and include therein a copy of the subpoena or court order; and

(b)   promptly provide written notification to the party who caused the subpoena or court order to issue in the other litigation that some or all of the material covered by the subpoena or court order is subject to this Protective Order and include therein a copy of this Protective Order.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Litigation as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.[1] The Designating Party shall bear the burden and expense of seeking protection.

**9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Protective Order shall be applicable to information produced by a Non-Party in this Litigation and designated as Protected Material. Such information produced by Non-Parties in connection with this Litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections or as precluding a Receiving Party from challenging designations of Non-Parties under the procedures set forth in this Protective Order.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures and describe the circumstances surrounding the unauthorized disclosure; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom the unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[1] Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful directive from another court.

**11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1    The inadvertent or unintentional production of any Litigation Material shall not serve to waive any claim that such Litigation Material is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity for withholding production either in the this litigation, or pursuant to Federal Rule of Evidence 502(d), in any other Federal or State proceeding. Similarly, the inadvertent or unintentional production of any such Litigation Material shall not waive the Producing Party's right to have that Litigation Material returned, subject to the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B). In the event that a Producing Party believes in good faith that a document subject to attorney-client privilege, work product or other valid privilege or immunity has been produced inadvertently or unintentionally, counsel shall notify all parties within a reasonable time after so learning or discovering that such production has been made. Upon written notice by the Producing Party of an inadvertent or unintentional production of Litigation Material containing such information, each receiving party shall make no further use of the Litigation Material other than to challenge the assertions of privilege under Fed. R. Civ. P. 26(b)(5)(B). If a receiving party disclosed the inadvertently or unintentionally produced Litigation Material to a third party prior to receiving notice of a claim of privilege or other inadvertent or unintentional production by the Producing Party, that receiving party must take reasonable steps to retrieve the information promptly. The Receiving Party shall have a reasonable amount of time to challenge any claim of privilege, work product protection, inadvertence or otherwise and may present the information or document to the Court under seal for determination of the Designating Party's claims. Nothing in this Protective Order shall alter or waive the standards and burden applicable to any motion concerning privilege or waiver of privilege. Any copy of such

Litigation Material submitted to the Court in connection with the motion shall be filed under seal in accordance with the terms of this Protective Order.

11.2   If a Receiving Party receives information that the Receiving Party believes is subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

**12.   MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>. Any Party may apply to this Court, upon written notice, in accordance with the Rules of this Court, for an Order amending, modifying or vacating the provisions of this Protective Order.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>. Where possible, only the portions of filings with the Court that contain Protected Material shall be filed under seal. The Parties shall endeavor in good faith to avoid filing materials under seal whenever possible. If any Party desires to refer to, or include Protected Material in a brief, motion or other Court filing, that Party may confer with counsel for the Producing Party about any such references to avoid the burden and expense of filing the material under seal. Any agreements reached by the Parties to resolve the need for filing under seal shall not be viewed or deemed as a waiver or admission of any prior or subsequent Protected Material designation.

12.4   <u>A Party's Use of Its Own Protected Material</u>. Nothing in this Protective Order shall prevent a Party from using its own Protected Material in any manner it chooses consistent with the Federal and Local Rules.

12.5 <u>Trial</u>. Prior to the trial in this matter, the Parties shall confer regarding the submission of a joint proposal to the Court with respect to the treatment of Protected Material at trial.

12.6 <u>Jurisdiction</u>. The Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

12.7 <u>Time periods</u>. Time periods set forth herein shall be calculated in accordance with Federal Rule of Civil Procedure 6(a).

**13. FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final disposition of this Litigation (as defined in Section 4 ("DURATION"), above), each Receiving Party must either destroy or return all Protected Material to the Producing Party, including all copies thereof, and provide to the Producing Party a written certification of compliance with this provision. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product. Any such archival copies that contain Protected Material remain subject to this Protective Order (as set forth in Section 4 ("DURATION"), above). The exemption for attorney work product shall not include collections, assemblages or copies of the Protected Material itself, but is limited to attorney work product referencing, quoting or summarizing such material. Notwithstanding this provision, no Party shall be required to return or destroy any materials designated under this Protective Order that may exist on any disaster recovery backup system. Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Protective Order.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that parties' joint stipulation regarding the proposed protective order governing confidentiality of documents and discovery (#247) is APPROVED as amended above.

IT IS SO ORDERED.

DATED this 15th day of April, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE