KESSLER TOPAZ MELTZER
  &amp; CHECK, LLP
ELI R. GREENSTEIN (*Pro Hac Vice*)
JENNIFER L. JOOST (*Pro Hac Vice*)
PAUL A. BREUCOP  (*Pro Hac Vice*)
One Sansome Street, Suite 1850
San Francisco, CA  94104
Telephone:  415/400-3000
415/400-3001 (fax)
     – and –
GREGORY M. CASTALDO (*Pro Hac Vice*)
280 King of Prussia Rd.
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
ARTHUR C. LEAHY (*Pro Hac Vice*)
ELLEN GUSIKOFF STEWART
BRIAN O. O'MARA (Nevada Bar #8214)
RYAN A. LLORENS (*Pro Hac Vice*)
MATTHEW I. ALPERT (*Pro Hac Vice*)
NATHAN W. BEAR (*Pro Hac Vice*)
IVY T. NGO (*Pro Hac Vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

NIX PATTERSON & ROACH, LLP
BRADLEY E. BECKWORTH (*Pro Hac Vice*)
JEFFREY J. ANGELOVICH (*Pro Hac Vice*)
SUSAN WHATLEY (*Pro Hac Vice*)
LISA P. BALDWIN (*Pro Hac Vice*)
205 Linda Drive
Daingerfield, TX  75638
Telephone:  903/645-7333
903/645-4415 (fax)

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re MGM MIRAGE SECURITIES LITIGATION | ) ) ) ) | No. 2:09-cv-01558-GMN-VCF <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | ) ) ) ) ) | ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE <br><br> EXHIBIT A |

WHEREAS, an action is pending before this Court styled *In re MGM Mirage Securities Litigation*, Case No. 2:09-cv-01558-GMN-VCF (the "Action");

WHEREAS, the Settling Parties having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with a Stipulation and Agreement of Settlement dated August 28, 2015 (the "Settlement Agreement" or the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action between the Settling Parties and for dismissal of the Action against the Defendants and the Released Persons with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on  December 15  , 2015, at  9 :00  a.m., at the Lloyd D. George U.S. Courthouse, 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether a Judgment as provided in ¶1.11 of the Settlement Agreement should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs, and expenses that should be

- 1 -

1055624_2

awarded to Lead Counsel and the Lead Plaintiffs; to hear any objections by Class Members to the Settlement Agreement or Plan of Allocation or any application for an award of fees, costs, and expenses to Lead Counsel and Lead Plaintiffs; and to consider such other matters as the Court may deem appropriate.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies for purposes of settlement only a Class defined as all Persons or entities who, between August 2, 2007 and March 5, 2009, inclusive, purchased or otherwise acquired the following publicly-traded securities of MGM Mirage (now known as MGM Resorts International) ("MGM"), and were allegedly damaged thereby. The securities include both MGM common stock as well as the following debt securities ("MGM Bonds"): (i) 5.875% MGM Bonds, due 2/27/14; (ii) 6.0% MGM Bonds, due 10/1/09; (iii) 6.625% MGM Bonds, due 7/15/15; (iv) 6.75% MGM Bonds, due 9/1/12; (v) 6.75% MGM Bonds, due 4/1/13; (vi) 6.875% MGM Bonds, due 4/1/16; (vii) 7.5% MGM Bonds, due 6/1/16; (viii) 7.625% MGM Bonds, due 1/15/17; (ix) 8.375% MGM Bonds, due 2/1/11; (x) 8.5% MGM Bonds, due 9/15/10; and (xi) 13% MGM Bonds, due 11/15/13. Excluded from the Class are Defendants, officers and directors of MGM, members of each Defendant's immediate family, any entity in which any Defendant has or had a controlling interest, Defendants' legal representatives, and the heirs, successors or assigns of any such excluded party. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

4. Solely for purposes of the Settlement, the Court preliminarily finds that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Lead Plaintiffs are

1055624_2

typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of the Settlement, Lead Plaintiffs Arkansas Teacher Retirement System, Philadelphia Board of Pensions and Retirement, Luzerne County Retirement System, and Stichting Pensioenfonds Metaal en Techniek are certified as class representatives and Lead Counsel Robbins Geller Rudman & Dowd LLP, Kessler Topaz Meltzer & Check, LLP and Nix Patterson & Roach, LLP are certified as class counsel.

6.      The Court approves the form, substance, and requirements of the Notice and Proof of Claim and Release form, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

7.      The Court approves the form of the Summary Notice, substantially in the form annexed hereto as Exhibit A-3.

8.      The Court appoints for settlement purposes only the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Not later than fourteen (14) calendar days after the entry of this Order, MGM shall provide the Claims Administrator with a list of names and addresses of record holders of MGM publicly-traded securities during the Class Period on the transfer agent's books, in an electronic format acceptable to the Claims Administrator;

(b)      Not later than October 8, 2015 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release form, substantially in the forms

- 3 -

annexed hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on the Settlement website at www.mgmmiragesecuritieslitigation.com;

(c) Not later than October 15, 2015 the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service; and

(d) Not later than October 22, 2015, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

9. Nominees who purchased MGM publicly-traded securities for the benefit of another Person during the Class Period shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of MGM securities within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

10. The form and content of the notice program described herein, and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

11. Other than the cost of providing the names and addresses of Persons who purchased or acquired MGM publicly-traded securities during the Class Period to Lead Counsel and/or the Claims Administrator, and the costs and expenses of providing notice pursuant to the Class Action Fairness Act, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses.

12. All members of the Class (except Persons who request exclusion pursuant to ¶16 below) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

13. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than January 6, 2016. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. Plaintiffs' Counsel shall bear no liability for declining to accept any late-submitted claims.

1055624_2

14. The Proof of Claim and Release submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim and Release is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim and Release; and (iv) the Proof of Claim and Release must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

15. Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

16. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") by First-Class Mail or hand-delivered such that it is received no later than November 24, 2015. A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions, and sales of MGM publicly-traded securities between August 2, 2007 and March 5, 2009, inclusive, including the dates, the number and type of shares of MGM securities purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale; and (c) that

1055624_2

the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

17.   Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not later than December 1, 2015.

18.   Any member of the Class may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why the requested amount of attorneys' fees, costs, and expenses should not be awarded to Lead Counsel or Lead Plaintiffs. It is further provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees, costs, and expenses to be awarded to Lead Counsel or Lead Plaintiffs, unless written objections and copies of any papers and briefs are received by Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Kessler Topaz Meltzer & Check, LLP, Eli R. Greenstein, One Sansome Street, Suite 1850, San Francisco, CA 94104; Nix Patterson & Roach, LLP, Jeffrey J. Angelovich, 205 Linda Drive, Daingerfield, TX 75638; Munger, Tolles & Olson LLP, George M. Garvey, 355 South Grand Avenue, 35th Floor, Los Angeles, CA 90071; and Irell & Manella LLP, Glenn K. Vanzura, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067, no later than November 24, 2015 and said objections, papers, and briefs are filed with the Clerk of the United States District

Court for the District of Nevada, no later than November 24, 2015. Any objection must include: (a) the full name, address, and phone number of the objecting Class Member; (b) a list and documentation of all of the Class Member's transactions involving MGM's publicly-traded securities during the Class Period, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase, acquisition, or sale and the price paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs, or other documents upon which the objection is based; (e) a list of any persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Settlement Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.  If the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her, or its behalf at the Settlement Hearing.  Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Allocation, and to the award of attorneys' fees, costs, and expenses to Lead Counsel or Lead Plaintiffs, unless otherwise ordered by the Court.  Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses are required to indicate in their written objection their intention to appear at the hearing.

Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

19. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

20. All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees, costs, and expenses shall be filed and served no later than November 3, 2015, and any reply papers shall be filed and served no later than December 8, 2015.

21. The Released Persons shall have no responsibility for, or liability related to, the Plan of Allocation or any application for attorneys' fees, costs, or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

22. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, and expenses, should be approved.

23. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶3.6 or 3.8 of the Settlement Agreement.

24. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations, discussions, or proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement may be

- 9 -

construed as an admission or concession by the Defendants or any other Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Settlement Agreement.  The Released Persons, Lead Plaintiffs, Class Members, and each of their counsel, may file the Settlement Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

25. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.  Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

26. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above.  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

27.     If the Settlement fails to become effective as defined in the Settlement Agreement or is terminated, then, in any such event, the Settlement Agreement, including any amendment(s) thereof, except as expressly provided in the Settlement Agreement, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties and they shall be deemed to have reverted to their respective litigation positions in the Action as of July 10, 2015.

IT IS SO ORDERED.

DATED:   September 11, 2015

_____
THE HONORABLE GLORIA M. NAVARRO
CHIEF UNITED STATES DISTRICT JUDGE