Mark A. Hutchison (4639)
Joseph R. Ganley (5643)
HUTCHISON & STEFFEN, LLC
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Phone (702) 385-2500
Fax (702) 385-2086
mhutchison@hutchlegal.com
jganley@hutchlegal.com

Adam L. Franklin (*Pro Hac Vice* forthcoming)
Colorado PERA General Counsel
PO Box 5800
Denver, CO 80217-5800
Phone (303) 837-6271
Fax (303) 863-3815
afranklin@copera.org

*Attorneys for Public Employees' Retirement Association of Colorado*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re MGM Mirage Securities Litigation. | CASE NO.: 2:09-cv-01558-GMN-VCF<br><br>**MOTION TO COMPEL PRODUCTION OF FEES AND COSTS INFORMATION UNDER RULES 23(H)(2) AND 54(D)(2)(B)(IV)** |

Class member Colorado Public Employees' Retirement Association ("CoPERA") respectfully moves under Fed. R. Civ. P. 23(h) for discovery into the fees and costs application of Robbins Geller Rudman & Dowd LLP, Nix Patterson & Roach, LLP, and Kessler Topaz Meltzer & Check, LLP (collectively, "Lead Counsel"). As set forth in CoPERA's objection to Lead Counsel's request for fees and costs of approximately $20 million, CoPERA (and the

Court) need additional information in order to assess the fairness of Lead Counsel's fees and costs application. Letter from Adam L. Franklin to Clerk of Court, In re MGM Sec. Litig., No. 2:09-cv-01558-GMN-VCF (D. Nev.) Nov. 24, 2015 ("CoPERA Objection") [Docket No. 373]. More particularly, CoPERA requests production of any fee agreements between Lead Counsel and the class representatives as well as contemporaneous time records and costs documentation to allow CoPERA (and the Court) to better assess the reasonableness of Lead Counsel's representations of the appropriate percentage of recoveries and the number of hours purportedly worked by their timekeepers. As set forth in the Declaration of Adam L. Franklin submitted herewith, CoPERA first sought these materials from Lead Counsel by letter request on October 22, 2015, and thereafter in writing on November 9, 2015 without avail. Now, with the Fairness Hearing scheduled for January 29, 2016, CoPERA respectfully moves the Court to require Lead Counsel to produce the requested materials with sufficient time for CoPERA to evaluate them and present its objection at the Fairness Hearing on a more fully developed record.

## ARGUMENT

It is beyond dispute that class counsel has a fiduciary duty to all class members. Rodriquez v. West Publ'g Grp., 563 F.3d 948, 968 (9th Cir. 2009) ("[C]lass counsel's fiduciary duty is to the class as a whole."). Notwithstanding this obligation, the Ninth Circuit has recognized that, when it comes to fee applications, class counsel often puts its own interests ahead of those of the class, making more difficult the district court's job of awarding a reasonable fee. See In re Mercury Interactive Corp. Sec. Litig., 618 F.3d 988, 994-95 (9th Cir. 2010) ("During the fee-setting stage . . . 'plaintiffs' counsel, otherwise a fiduciary for the class, . . . become[s] a claimant against the fund created for the benefit of the class.'"). The Federal Rules address this dynamic by permitting class members to object to fee requests. Fed. R. Civ. P. 23(h)(2). Moreover, in the context of fee applications, class members may be allowed discovery to protect their interests and improve the fairness hearing process. Fed. R. Civ. P. 23(h)(2), 2003 Advisory Committee Notes ("The court may allow an objector discovery relevant to the objections").

As the Advisory Committee to the 2003 amendments explained, in considering a class member's request for discovery, the Court should balance the need for more complete information against any cost or delay that might be occasioned by the request. Fed. R. Civ. P. 23(h)(2), 2003 Advisory Committee Notes ("In determining whether to allow discovery, the court should weigh the need for the information against the cost and delay that would attend discovery."). As set forth in the CoPERA Objection, the fee application in this case is incomplete in documenting the requested fees and costs and, as set forth below, this information is highly relevant and the production of it should impose almost no burden on Lead Counsel.

### A. The Court Should Order Lead Counsel To Produce Any Fee Agreements

As the Federal Rules provide, a district court may order class counsel to disclose any retainer agreement between class counsel and lead class plaintiff if it will aid in consideration of a fee application. Fed. R. Civ. P. 54(d)(2)(B)(iv); Porter v. Nationscredit Consumer Discount Co., No. Civ. A 03-3768, 2004 WL 1753255, at *2 (E.D. Pa. July 8, 2004) (fee agreements held discoverable); Klein v. Henry Miller Residential Serv., Inc., 82 F.R.D. 6, 8 (N.D. Tex. 1978) (compelling production of fee arrangements because "the Court must inquire about this [fee] arrangement in making any determination to award attorneys fees to the Plaintiffs if they are successful in prosecuting their class action"). Indeed, whether or not class representatives negotiated and signed retainer arrangements at the outset of the case is relevant to determine the import the Court should give to a percentage-of-common fund fee request like this one. Report of the Third Circuit Task Force, Court Awarded Attorneys Fees, 108 F.R.D. 237, 254-60 (1985) (recommending contingency fee agreements, but only where the percentage of fund is negotiated and agreed upon early in the case).[1]

---

[1] The Third Circuit Task Force report is the front of the current trend toward percentage-of-fund fee awards and, indeed, Lead Counsel cite it here. Memorandum Of Points And Authorities In Support Of Lead Counsel's Motion For An Award Of Attorneys' Fees and Expenses And Awards To Lead Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)4 ("Fee Motion") [Docket No. 360] at 6 n.4. It is noteworthy, however, that the Third Circuit Task Force also explicitly warned that the purported benefits of percentage of fund determination of fee awards are lost if class counsel seek to determine or renegotiate the percentage of fund at the conclusion of the case. Court Awarded Attorneys Fees, at 258.

Here, Lead Counsel contend that their requested 25 percent of common fund fee award is entitled to a "presumption of reasonableness" based on the fact that class representatives negotiated the percentage amount with Lead Counsel. Fee Motion at 8-9 (citing only "Lead Plaintiffs Decls"). Nothing in the class representatives' declarations, which attach no written fee agreements, reflects when they engaged in the negotiation that approved Lead Counsel's 25 percent of common fund fee request. Indeed, nothing in the record establishes that the class representatives negotiated the 25 percent contingency agreement at the outset of the case, rather than agreed to it at the end.[2] If so, this is exactly what the Third Circuit Task Force warned against, and the Court should order Lead Counsel to produce the signed and dated fee agreements in order to allow CoPERA to address the claimed "presumption" of reasonableness further at the Fairness Hearing.[3]

B. <u>The Court Should Order Lead Counsel To Produce Time and Expense Records</u>

Additionally, as set forth in the CoPERA Objection, Lead Counsel's contemporaneous time records are relevant to a lodestar calculation, whether as the basis for Lead Counsel's fees or as a cross-check. CoPERA Objection at 4. This is particularly true since Lead Counsel claims to have worked 48,900 hours on this case (Fee Motion at 8 n.6), but failed to submit any

---

[2] The class representatives swear that the requested 25% contingency fee is "consistent with [their] retainer agreement entered into at the outset of the litigation," but none says that they agreed to the 25 percentage contingency when they entered into the retainer agreement. Declaration of Laura Gilson On Behalf Of Lead Plaintiff, Arkansas Teacher Retirement System [Docket No. 362] ¶ 5 ("consistent with our retainer agreement entered into at the outset of the litigation, ATRS has approved the request for a 25% attorneys' fee award"); Declaration of Jo Rosenberger Altman [Docket No. 363] ¶ 5 ("consistent with our retainer agreement entered into at the outset of the litigation, Philadelphia has no objection to the request for a 25% attorneys' fee award"); Declaration of Rickey Hummer [Docket No. 364] ("consistent with our retainer agreement entered into at the outset of the litigation, Luzerne has approved the request for a 25% attorneys' fee award"); Declaration of Inge van den Doel [Docket No. 365] ("consistent with our retainer agreement entered into at the outset of the litigation, PMT has approved the request for a 25% attorneys' fee award"). Of course, the Nevada Rules of Professional Conduct require Lead Counsel to obtain such agreements in writing. NRPC 1.5(c) ("A contingent fee agreement shall be in writing, signed by the client, and shall state in boldface type that is at least as large as the largest type used in the contingent fee agreement . . . : (1) The method by which the fee is to be determined . . .; [and] (2) Whether litigation and other expenses are to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated . . .").

[3] Retainer agreements are not protected under any privilege. <u>United States v. Blackman</u>, 72 F.3d 1418, 1423-26 (9th Cir. 1995) (fee agreement not protected by attorney client privilege).

Page 4 of 8

"reasonable itemization and description of the work performed" as required by Local Rule 54-16(b)(1). Likewise, Lead Counsel submitted no documentation to support its request for almost $2 million in expenses, also in disregard of the Local Rules requirement for "(2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR54-1 through 54-15 . . . (d) Failure to provide the information required by LR 54-16(b) and (c) in a motion for attorneys' fees constitutes a consent to the denial of the motion." LR 54-16(b), (d).

The fee application is incomplete under Federal Rules in its failure to provide this information. CoPERA Objection at 2-4, 6-8. This is precisely the situation contemplated by the 2003 Advisory Committee in which the Court should allow class members to take relevant discovery. Fed. R. Civ. P. 23(h)(2), 2003 Advisory Committee Notes ("One factor in determining whether to authorize discovery is the completeness of the material submitted in support of the case of the fee motion . . . ."). [4]

### C. Production Of The Requested Materials Ahead Of The Fairness Hearing Will Impose No Delay And Only A Slight Burden On Lead Counsel

By this motion, CoPERA does not seek to delay the Court's evaluation of the settlement of this case. Indeed, the Court may approve the proposed settlement as a whole at the Fairness Hearing even if it decides to refer the fee application to a special master or Magistrate Judge as proposed in CoPERA's objection. Strong v. Bellsouth Telecomm., Inc., 137 F.3d 844, 848-49 (5th Cir. 1998) (affirming district court's approval of class settlement, while reserving determination of attorneys' fees pending further investigation). CoPERA respectfully requests, however, that the Court require that Lead Counsel produce the requested information no later than January 15, 2016, so that CoPERA may review it and present its objection at the Fairness Hearing on a more fully developed record, avoiding any delay associated with this motion for discovery.

---

[4] Contemporaneous time and expense records not protected under any privilege. Clarke v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129-30 (9th Cir. 1992) (billing statements were not protected by attorney-client privilege).

Moreover, the requested information should be at Lead Counsels' fingertips if, in satisfaction of Fed. R. Civ. P. 11, they had a good faith basis for representing the facts set forth in their fee application. The production of three fee agreements, one for each of the Lead Counsel, should be no burden at all. In addition, each of Lead Counsel submitted a table purporting to reflect the aggregate number of hours billed by each timekeeper for which work Lead Counsel seeks compensation. Of course, each of Lead Counsel must have collected all the necessary time records, likely in electronic form, in order to calculate the number of hours that each timekeeper incurred in this matter and it would impose no burden to provide digital copies of those time records in native file format, all metadata preserved, to CoPERA, which should take less than one minute to generate with modern billing software and requires no copying time or expense. Likewise, Lead Counsel must have at the ready documentation of all expenses they incurred and now seek to recover from the class, the provision of which should be of little burden.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

Accordingly, CoPERA respectfully requests that this Court order Lead Counsel to produce the following categories of documents, without redaction, by no later than January 15, 2016:

1. Signature copies of all retainer agreements in this action;

2. All contemporaneous time records upon which Lead Counsel assert that their timekeepers billed 48,900 hours in native file format with all metadata preserved; and

3. Documents reflecting all expenses incurred in excess of $1,000, plus all travel expenses no matter what the amount for which Lead Counsel seek reimbursement.

Dated this 21st day of December, 2015.

HUTCHISON & STEFFEN, LLC

*/s/ Mark A. Hutchison*
Mark A. Hutchison (4639)
Joseph R. Ganley (5643)
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Phone (702) 385-2500
Fax (702) 385-2086
mhutchison@hutchlegal.com
jganley@hutchlegal.com

Adam L. Franklin (*Pro Hac Vice* forthcoming)
Colorado PERA General Counsel
PO Box 5800
Denver, CO 80217-5800
Phone (303) 837-6271
Fax (303) 863-3815
afranklin@copera.org

*Attorneys for Public Employees' Retirement Association of Colorado*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of December, 2015, the foregoing document entitled: **MOTION TO COMPEL PRODUCTION OF FEES AND COSTS INFORMATION UNDER RULES 23(H)(2) AND 54(D)(2)(B)(IV)** was served via electronic service through the United States District Court for the District of Nevada's ECF System upon each party in the case who is registered as an electronic case filing user with the Clerk.

_____
An employee of Hutchison & Steffen, LLC