**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| *In re* MGM MIRAGE SECURITIES LITIGATION | Case No. 2:09–cv–1558–GMN–VCF <br><br> **ORDER** <br><br> MOTION TO COMPEL PRODUCTION OF FEES AND COSTS INFORMATION UNDER RULES 23(H)(2) AND 54(D)(2)(B)(IV) (DOC. # 379) |

This matter involves a class action lawsuit against MGM Mirage, its officers, and board of directors. The moving party here is the Public Employee's Retirement Association of Colorado (hereafter "CoPERA"), a class member in the underlying class action. The responding parties are plaintiffs' Lead Counsel, the law firms of Robbins Gellar Rudman & Dowd LLP, Nix Patterson & Roach LLP, and Kessler Topaz Meltzer & Check LLP. Before the court is CoPERA's Motion to Compel Production of Fees and Costs (Doc. #379), Lead Counsel's response (Doc. #382), and CoPERA's reply. (Doc. #385). For the reasons stated below, CoPERA's motion to compel discovery is denied.

**I. BACKGROUND**

The instant dispute arises from CoPERA's efforts to obtain information about Lead Counsel's fees and costs. In December 2015, Lead Counsel moved the court to approve the class action settlement, the plan to allocate proceeds, and the award of attorney's fees and expenses to Lead Counsel and awards to plaintiffs. (Doc. #358). CoPERA objected to the proposed award of attorney's fees.[1] (Doc. #373). CoPERA now moves to compel Lead Counsel to produce: (1) all retainer agreements, (2) all time

---

[1] CoPERA is one of only four objectors to the proposed class action settlement, and the only objector seeking discovery. (Doc. #371); (Doc. #372); (Doc. #373); (Doc. #374).

1

records that support Lead Counsel's 48,900 billable hours, and (3) all documents reflecting all expenses incurred in excess of $1,000. The court scheduled a settlement conference regarding Lead Counsel's motion to approve final class action settlement (Doc. #358) for March 1, 2016. (Doc. #388).

## II. LEGAL STANDARD

"In a certified class action, the court may award reasonable attorney's fee and nontaxable costs that are authorized by law or by the parties' agreement." FED. R. CIV. P. 23(h). "A claim for an award [of attorney's fee and costs] must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets." FED. R. CIV. P. 23(h)(1). "A class member, or a party from whom payment is sought, may object to the motion." FED. R. CIV. P. 23(h)(2).

A motion for attorney's fees and costs must: "(i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." FED. R. CIV. P. 54(d)(2)(A)(i)-(iv).

"In determining whether to allow discovery, the court should weigh the need for information against the cost and delay that would attend discovery." FED. R. CIV. P. 23(h)(2) advisory committee's notes. "One factor in determining whether to authorize discovery is the completeness of the material submitted support of the fee motion." *Id.*

"Class members who object to a class action settlement do not have an absolute right to discovery; the Court may in its discretion, limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement." *Hemphill v. San Diego Ass'n Realtors, Inc.*, 225 F.R.D. 616, 619 (S.D. Cal. 2005). Class objectors "are not automatically entitled to discovery or 'to question and debate every provision of the proposed compromise.'" *Id.* (internal

citation omitted). "The fundamental question is whether the district judge has sufficient facts before him to intelligently approve or disapprove the settlement." *Id.* at 619-20.

"The criteria relevant to the Court's decision whether to permit objectors to conduct discovery are 'the nature and amount of previous discovery, reasonable basis for the evidentiary request, and the number and interests of the objectors." *Id.* at 620. "Where the evidence submitted in support of the settlement is the result of truly adversarial proceedings and where the 'comprehensiveness' of the records developed by the proponents, the objector has a greater burden to show the necessity of additional evidence." *Id.* "In addition, where the objectors represent only a small percentage of the class, the likelihood of the court granting their discovery requests decreases because the court will give great weight to the interests of the majority of the class members." *Id.*

### III. DISCUSSION

The parties present two questions: (1) whether CoPERA complied with the meet and confer requirements and (2) whether CoPERA may obtain discovery related to Lead Counsel's fees and costs.

**1.** **CoPERA Complied With the Meet and Confer Requirements of Federal Rule of Civil Procedure 37 and Local Rule 26-7**

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

"Discovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." LR 26-7(b).

CoPERA exchanged two written letters and had one phone conversation with Darren Check of Kessler Topaz Meltzer & Check LLP regarding the information sought in the instant motion. (Doc.

#380); (Doc. #386).  Mr. Check refused to produce the documents CoPERA's requested, thus prompting CoPERA to file the instant motion.  Based on the information in CoPERA's declarations in support of its motion to compel, CoPERA is in compliance with Rule 37's meet and confer requirement and Local Rule 26-7's "personal consultation" requirement.

**2.     CoPERA May Not Obtain Discovery On Lead Counsel's Retainer Agreements, Contemporaneous Time Records, and Expenses.**

CoPERA seeks discovery on the following topics: (1) all retainer agreements in the underlying class action, (2) all contemporaneous time records that serves as the basis for Lead Counsel's fee calculation, and (3) all documents that reflect Lead Counsel's expenses in excess of $1,000.  (Doc. #379 at 7).  Each request is discussed below.

> a. *Lead Counsel's Retainer Agreements*

CoPERA argues that Lead Counsel's retainer agreements are relevant to determine whether the Lead Plaintiffs agreed to Lead Counsel's 25% contingent fee at the outset of litigation or at its conclusion.  (Doc. #379 at 4).  Lead Counsel, however, provided declarations from all Lead Plaintiffs that states that Lead Counsel's 25% contingent fee is "consistent with their retainer agreement entered into at the outset of the litigation."  (Doc. #362); (Doc. #363); (Doc. #364); (Doc. #365).

If CoPERA is not allowed "to question and debate every provision of the proposed compromise," then CoPERA is also barred from doing the same with regard to Lead Counsel's fee award.  *See Hemphill*, 225 F.R.D. at 619 (denying discovery of class counsel's retainer agreements as not relevant to the ultimate determination of whether settlement terms are fair, reasonable, and adequate to the class).

In light of Lead Plaintiffs' unanimous declarations that each Lead Plaintiff agrees to Lead Counsel's 25% contingent fee, any benefit derived from production of Lead Counsel's retainer

agreements is outweighed by the cost and delay associated with producing the retainer agreements. CoPERA's request for Lead Counsel's retainer agreements is denied.

b. *Lead Counsel's Contemporaneous Time Records*

CoPERA argues that Lead Counsel's contemporaneous time records are relevant so that CoPERA and the court may conduct a lodestar fee calculation. (Doc. #379 at 4).

Contemporaneous time records are not required when requesting attorney's fee awards. *Hartless v. Clorox Co.*, 273 F.R.D. 630, 644-45 (S.D. Cal. 2011). "A court may review the summaries provided in declarations by counsel without reviewing contemporaneous time records." *Id.* (citing *Lobatz v. U.S. West Cellular of Cal., Inc.*, 222 F.3d 1142, 1149 (9th Cir. 2000)) (denying class objector's request for class counsel's contemporaneous time records). Lead Counsel provided summary tables that: (1) name each professional that worked on the instant action, (2) the professional's title, (3) the professional's hourly rate, and (4) the total number of hours the professional spent on the instant matter. (Doc. #366); (Doc. #367); (Doc. #368). In addition, Lead Counsel provided professional biographies for all lawyers who worked on the instant action.

Based on Lead Counsel's declarations, the court has sufficient information to perform a lodestar fee calculation. The benefit derived from providing CoPERA sufficient information to perform its own calculation of Lead Counsel's fee award is outweighed by the cost and delay to compile and produce Lead Counsel's time records for five years of class action litigation.[2] CoPERA's request for Lead Counsel's contemporaneous time records is denied.

/// /// ///

/// /// ///

---

[2] CoPERA argues that Lead Counsel is not burdened by production of its contemporaneous time records because "Lead Counsel must have collected all the necessary time records, likely in electronic form … and it would impose no burden to provide digital copies of those time records … which should take less than one minute to generate with modern billing software." (Doc. #379 at 6). CoPERA's speculation into Lead Counsel's internal operations is insufficient to show that the benefits of producing Lead Counsel's time records outweigh the cost and delay associated with producing the time records.

      c. *Lead Counsel's Expense Documents*

CoPERA acknowledges that Lead Counsel provided categorized breakdowns of Lead Counsel's expenses, but requests supporting expense documents in order to assess whether the expenses were reasonable and necessary. (Doc. #385 at 8).

CoPERA's reason for requesting expense documents mirrors its reason for seeking Lead Counsel's contemporaneous time records; CoPERA wishes to perform its own calculation of Lead Counsel's expenses. CoPERA assumes that Lead Counsel's "must have … documentation of all expenses they incurred" for the past five years; thus, Lead Counsel is not burdened by CoPERA's request to produce expense documents. (Doc. #379 at 6). Here, any benefit derived from CoPERA's independent expense calculation is outweighed by the cost and delay associated with producing Lead Counsel's expense documents over five years of litigation. CoPERA's request for documents that reflect Lead Counsel's expenses in excess of $1000 is denied.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that CoPERA's Motion to Compel Production of Fee and Costs Information (Doc. #379) is DENIED.

IT IS SO ORDERED.

DATED this 27th day of January, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE