| | |
|---|---|
| KESSLER TOPAZ MELTZER<br>   & CHECK, LLP<br>ELI R. GREENSTEIN (*Pro Hac Vice*)<br>JENNIFER L. JOOST (*Pro Hac Vice*)<br>PAUL A. BREUCOP (*Pro Hac Vice*)<br>One Sansome Street, Suite 1850<br>San Francisco, CA 94104<br>Telephone: 415/400-3000<br>415/400-3001 (fax)<br>         – and –<br>GREGORY M. CASTALDO (*Pro Hac Vice*)<br>280 King of Prussia Rd.<br>Radnor, PA 19087<br>Telephone: 610/667-7706<br>610/667-7056 (fax) | ROBBINS GELLER RUDMAN<br>   & DOWD LLP<br>ARTHUR C. LEAHY (*Pro Hac Vice*)<br>ELLEN GUSIKOFF STEWART (*Pro Hac Vice*)<br>BRIAN O. O'MARA (Nevada Bar #8214)<br>RYAN A. LLORENS (*Pro Hac Vice*)<br>MATTHEW I. ALPERT (*Pro Hac Vice*)<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br><br>NIX PATTERSON & ROACH, LLP<br>BRADLEY E. BECKWORTH (*Pro Hac Vice*)<br>JEFFREY J. ANGELOVICH (*Pro Hac Vice*)<br>SUSAN WHATLEY (*Pro Hac Vice*)<br>LISA P. BALDWIN (*Pro Hac Vice*)<br>205 Linda Drive<br>Daingerfield, TX 75638<br>Telephone: 903/645-7333<br>903/645-4415 (fax) |

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re MGM MIRAGE SECURITIES<br>LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:09-cv-01558-GMN-VCF<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] ORDER APPROVING PLAN<br>OF ALLOCATION OF SETTLEMENT<br>PROCEEDS<br><br>DATE: March 1, 2016<br>TIME: 9:00 a.m.<br>CTRM: The Honorable Gloria M. Navarro |

THIS MATTER having come before the Court on March 1, 2016, on the motion of Lead Plaintiffs for Approval of the Plan of Allocation of Settlement Proceeds (the "Motion") (Dkt. No. 358) in the above-captioned action; the Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For purposes of this Order, the capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement dated August 28, 2015 (the "Settlement Agreement"), and filed with the Court.

2. This Court has jurisdiction to enter this Order. This Court has jurisdiction over the subject matter of the Motion and all matters relating thereto, and over all Settling Parties to the Action, including all members of the Class who have not timely and validly requested exclusion.

3. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Persons and entities who are Class Members, including individual notice to those who could be identified with reasonable effort, advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Class Members to be heard with respect to the Plan of Allocation.

4. The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants which is set forth in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") sent to Class Members provides a fair and reasonable basis upon which to allocate the proceeds of

the Net Settlement Fund established by the Settlement Agreement among Class Members, with due consideration having been given to administrative convenience and necessity.

5. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

6. Jurisdiction is hereby retained over the Settling Parties and Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order.

7. The Court has considered the objection of Nickolas A. Kacprowski to the $10.00 minimum distribution and finds it to be without merit. Therefore, that portion of Mr. Kacprowski's objection is overruled.

8. The Court directs immediate entry of this Order by the Clerk of the Court.

IT IS SO ORDERED.

DATED: March 1, 2016

_____
THE HONORABLE GLORIA M. NAVARRO
CHIEF UNITED STATES DISTRICT JUDGE

- 2 -

1111115_1